### DADE COUNTY BUDGET COMMISSION v. BOARD OF COUNTY COMMISSIONERS.

Circuit Court, Dade County.

August 28, 1957.

Ward & Ward, for plaintiffs.

Darrey A. Davis, Miami Beach, for defendants.

ROBERT H. ANDERSON, Circuit Judge.

This is a suit for a declaratory decree brought by the members of the Dade County budget commission against the county commissioners of Dade County. It asks the court to determine whether or not the budget commission was abolished by the home rule charter adopted by the people of Dade County. If it is abolished, it inquires what its remaining duties may be to other public bodies not covered in the charter, and if it is not abolished, what its obligations are with reference to the conflicting duties now fixed upon it by law as against like duties imposed on the board of county commissioners under the home rule charter. The defendants have filed a motion to dismiss the complaint.

A metropolitan charter board was provided for by chapter 31420, Laws of 1956. The governor appointed the board. On November 6, 1956 the voters of the entire state adopted a constitutional amendment authorizing home rule for Dade County. The metropolitan charter board drafted a charter. This charter was approved by the people of Dade County at an election held May 21, 1957. Thereafter the legislature passed chapter 57-912, Laws of 1957.

The constitutional amendment authorizing home rule for Dade County provides, among other things —

Section 11 (a). The electors of Dade County, Florida, *are granted power to adopt,* revise, and amend from time to time *a home rule charter* of government for Dade County, Florida under which the Board of County Commissioners of Dade County shall be the governing body. This charter:

\* \* \*

(ii) *May grant full power and authority to the Board of County Commissioners of Dade County to pass ordinances relating to the affairs, property and government of Dade County . . .*

\* \* \*

(iii) *May . . . abolish . . . all . . . boards, or other governmental units whose jurisdiction lies wholly within Dade County,* whether such govern-

mental units are created by the Constitution or the Legislature or otherwise, except the Dade County Board of Commissioners . . . and the Board of Public Instruction of Dade County.

\* \* \*

(vi) *May abolish* and may provide a method for abolishing from time to time *all offices provided for by Article VIII, Section 6, of the Constitution or by the Legislature* except the Superintendent of Public Instruction and may provide for the consolidation and transfer of the functions of such offices, provided, however, that there shall be no power to abolish or impair the jurisdiction of the Circuit Court, etc.

\* \* \*

(e) . . . *the home rule charter provided for herein shall not conflict with any provision of this Constitution nor of any applicable general laws now applying to Dade County and any other one or more counties of the State of Florida except as expressly authorized in this section* . . .

\* \* \*

(i) It is declared to be the intent of the Legislature and of the electors of the State of Florida to provide by this section home rule for the people of Dade County in local affairs and this section shall be liberally construed to carry out such purpose, and *it is further declared to be the intent* of the Legislature and of the electors of the State of Florida *that the provisions of this Constitution and general laws which shall relate to Dade County and any other one or more counties of the State of Florida . . . shall be the supreme law in Dade County, Florida, except as expressly provided herein* and this section shall be strictly construed to maintain such supremacy of this Constitution and of the Legislature in the enactment of general laws pursuant to this Constitution.

These points are conceded by counsel for both parties —

(1) The Dade County budget commission was created by chapter 21874, General Laws of 1943.

(2) Chapter 21874 was a general law applicable to Dade County and to at least one other county in the state.

(3) The home rule charter adopted by the voters of Dade County purports to abolish the Dade County budget commission.

Inasmuch as the Dade County budget commission was created by a general law applicable to Dade County and to at least one other county in the state, it is doubtful whether that provision of the home rule charter purporting to abolish it was authorized, as there does not seem to be any express authority therefor. On the other hand, the jurisdiction of the budget commission lies wholly within Dade County and it is expressly provided in section 11 (a) (iii) that the home rule charter may effect the abolition of such a board. However, it is not necessary to resolve these doubts. The charter board created by chapter 31420, Laws of 1956, proposed a charter, which was duly approved by the people of Dade County. Thereafter the legislature passed chapter 57-912, Laws of 1957, which provides —

AN ACT VALIDATING, RATIFYING AND CONFIRMING CHAPTER 31420, LAWS OF FLORIDA, ACTS OF 1956 EXTRAORDINARY SESSION; VALIDATING, RATIFYING AND CONFIRMING THE ACTIONS OF ANY METROPOLITAN CHARTER BOARD APPOINTED UNDER THE TERMS OF SUCH CHAPTER 31420, INCLUDING ANY CHARTERS DRAWN BY ANY SUCH BOARD; VALIDATING, RATIFYING AND CONFIRMING ANY ELECTIONS HELD UNDER THE PROVISIONS OF SUCH CHARTER; REPEALING ALL OTHER LAWS OR PARTS OF LAWS IN CONFLICT HEREWITH; AND PROVIDING AN EFFECTIVE DATE.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF FLORIDA:

Section 1.   Chapter 31420, Laws of Florida, Acts of 1956 Extraordinary Session, is hereby validated, ratified and confirmed in all respects.

Section 2.   The actions of any Metropolitan Charter Board appointed under the terms of such Chapter 31420, including any charters drawn by any such Board, are hereby validated, ratified and confirmed in all respects.

Section 3.   All elections held under the provisions of Chapter 31420 are hereby validated, ratified and confirmed in all respects.

Section 4.   It is declared to be the Legislative intent that if any Section, Sub-section, sentence, clause or provision of this Act is held invalid, the remainder of this Act shall not be affected.

Section 5.   All other laws or parts of laws in conflict herewith are hereby repealed.

Section 6.   This Act shall take effect upon its becoming a Law.

Became a law without the Governor's approval. Filed in Office Secretary of State *June 29, 1957*.

Notice of intention to apply for the passage of this Act, even if it is a local one, was duly published in the manner provided by law and the evidence thereof was established in the legislature before the bill was passed and was filed with the bill in the office of the secretary of state and recited in the journals as required by the constitution.

A consideration of the impact of chapter 57-912 upon this case compels the conclusion that the Dade County budget commission has been abolished legally at least in so far as its functions over the metropolitan government of Dade County are concerned. The motion to dismiss will be granted.

The complaint asks the court to declare, if the budget commission is abolished, what its remaining duties may be to other public bodies not covered by the charter. It may be that this question is not properly before the court in this case for the reason that the "other public bodies" are not before the court. If they were, per-

haps they could make a showing that would induce the court to conclude that the budget commission was abolished as to them also, but in their absence and in the absence of any such showing the court finds no reason to hold that the duties of the Dade County budget commission as to any public official or public body not covered by the metropolitan charter are impaired.

It is, therefore, ordered, adjudged and decreed that the defendants' motion to dismiss the complaint be and it is hereby granted and the complaint is dismissed at the cost of the plaintiffs.